UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALVAREZ SANCHEZ, A-241-863-918,<br>Petitioner,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>Respondents. | No. 1:26-cv-04472-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Daniel Alvarez Sanchez is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636 and the court's minute order dated June 12, 2026. (ECF No. 5.) The petition is fully briefed with respondent's response and petitioner's reply. (ECF Nos. 1, 14.) After briefing on the petition concluded, petitioner filed a motion to appoint counsel and an emergency motion requesting immediate release based on asserted changed circumstances. (ECF Nos. 15, 17.) For the following reasons, the undersigned recommends the petition be denied.

## I. Background

Petitioner is a native and citizen of Cuba who became a lawful permanent resident on December 16, 2023 (ECF No. 10-1 at 1, 3; ECF No. 10-2 at 1.) Under respondents' evidence,

petitioner sustained a conviction for the offense of fleeing and attempting to elude a police officer on February 4, 2025, in violation of Florida Statute 316.1935(3)(A). (ECF No. 10-1 at 3; ECF No. 10-2 at 1.) Petitioner was serving a three-year term of probation when ICE arrested him with a warrant at a probation office in New Port Richey, Florida, on May 8, 2026. (ECF No. 10-1 at 2; ECF No. 10-2.)

Also on May 8, 2026, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) placing petitioner in removal proceedings under Section 240 of the Immigration and Nationality Act (INA). (ECF No. 10-2.) The NTA stated petitioner was subject to removal under Section 237(a)(2)(A)(i) of the INA "in that you have been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed." (Id. at 1.)

On June 10, 2026, petitioner filed the present petition, asserting he is being detained under a misclassification of the mandatory detention provision of 8 U.S.C. § 1226(c) without proper statutory authority under the INA and in violation of his right to procedural due process. (ECF No. 1 at 6, 10.) Petitioner also asserts he has been subjected to prolonged and potentially indefinite detention, denied a constitutionally adequate bond hearing, and that the government has failed to demonstrate his continued detention is authorized or necessary. (Id.) The petition requests relief in the form of immediate release or an individualized bonding hearing before an immigration judge (IJ). (Id. at 11.)

Respondents oppose granting the petition. Respondents assert petitioner is lawfully detained under 8 U.S.C. § 1226(a), and state petitioner has requested a custody redetermination hearing, which was scheduled for July 8, 2026. (ECF No. 10 at 1-2.) Respondents argue petitioner has been afforded the process he was due because "ERO took him into custody on a warrant, determined to retain him in custody, [petitioner] requested review of that determination, and he will be afforded that opportunity." (Id. at 2.) Respondents further argue the petition should be dismissed as unexhausted because "if [petitioner] is denied bond, he will have further remedies available via appeal." (Id. at 3.)

////

Petitioner was denied bond at his bond hearing on July 8, 2026. (ECF No. 16-1.) The Order of the Immigration Judge indicates petitioner was denied bond based on findings of "Danger to the community" and "Flight risk." (Id. at 1.) Petitioner reserved appeal, which was due August 7, 2026. (Id. at 2.) See 8 CFR § 1003.38(b) (providing 30 calendar days to file an appeal of an IJ's decision with the BIA).

After briefing on the pending petition concluded, on August 24, 2026, petitioner filed an emergency motion requesting immediate release and asserting materially changed circumstances. (ECF No. 17.) Petitioner submits an Order of the Immigration Judge dated August 20, 2026, granting his motion to terminate removal proceedings on the ground that DHS "failed to establish by clear and convincing evidence" that he is "removable as charged pursuant to INA § 237(a)(2)(A)(i), as having been convicted of a [crime of moral turpitude] committed within five years after the date of admission for which a sentence of one year or longer may be imposed." (Id. at 13.) The IJ ordered petitioner's removal proceedings "terminated without prejudice." (Id.) Any appeal is due at the Board of Immigration Appeals (BIA) within 30 calendar days after the IJ's decision. (Id.) See 8 CFR § 1003.38(b). Thus, the time for appeal of the IJ's termination of proceedings without prejudice has not expired.

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

Petitioner was a living in the United States when he was detained by immigration officials on May 8, 2026, and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who

are apprehended in the interior of the United States are subject to the detention regime of § 1226).

Under 8 U.S.C. § 1226, following an arrest made pursuant to a warrant, ICE "may" detain or release on bond or conditional parole the arrested noncitizen pending the formal removal proceedings before an IJ. 8 U.S.C. § 1226(a). ICE's discretion whether to release or detain an individual under § 1226(a) is subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Petitioner fails to show his present detention is not authorized by 8 U.S.C. § 1226. He was detained on May 8, 2026, on a warrant issued prior to his detention on April 13, 2026. (ECF No. 10-2 at 5.) The removal process was initiated by NTA issued on May 8, 2026, the date of his detention. (ECF No. 10-2.)

Petitioner requested and received a custody redetermination hearing. (ECF No. 16-1.) Thus, his claim that he has been denied a bond hearing in violation of the INA has become moot. See generally Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (a petition for writ of habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges [in the form of denial of opportunity for bond] is remedied by granting his request for a bond hearing under Section 1226(a)[.]"). Petitioner does not challenge the result of his bond hearing in this proceeding. In general, he would need to appeal that result to the BIA before presenting such a challenge by habeas petition to this district court in any event. See Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011).

The court notes the IJ's recent order terminating petitioner's removal proceedings without prejudice makes him eligible to seek a bond redetermination before the IJ due to materially changed circumstances per 8 C.F.R. § 1003.19(e). See Soto v. Sessions, No. 18-CV-02891-EMC, 2018 WL 3619727, at *2 (N.D. Cal. July 30, 2018). However, because the order was entered

without prejudice, immigration officials are free to "hit the reset button and begin deportation proceedings anew." Sanchez v. Sessions, 904 F.3d 643, 655 (9th Cir. 2018). Petitioner cites no authority and the court finds none under which he is entitled to immediate release because the IJ granted his motion to terminate removal proceedings without prejudice. The challenged NTA remains a basis for his continued detention because the time for appeal of the IJ's decision terminating removal proceedings without prejudice has not expired and the IJ's decision has not become final. See 8 U.S.C.A. § 1226(a) (authorizing detention "pending a decision on whether the [noncitizen] is to be removed from the United States"); 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."); Expinoza-Gallo v. Chestnut, et al., No. 1:26-CV-01429-JLT-HBK (HC), 2026 WL 2295677, at *3 (E.D. Cal. Aug. 10, 2026) ("The IJ's finding that Petitioner is not removable… did not, by itself, end DHS's authority to detain under § 1226(a)."); Sanchez Gomez v. Mullin, No. 5:26-CV-03322-KSI, 2026 WL 2394070, at *4 (C.D. Cal. Aug. 17, 2026) (same).

In sum, the court finds no basis to order immediate release where petitioner was detained pursuant to a warrant issued prior to his detention and after he sustained a criminal conviction. "[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release." Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026). Having been afforded a bond hearing under 8 U.S.C. § 1226 at which an IJ determined petitioner to present a risk of danger and a flight risk, petitioner fails to show he is in custody in violation of the INA. See 8 U.S.C § 1226(a)(1) (the Attorney General "may continue to detain the arrested [non-citizen]"); Cruz-Acevedo v. Scott, No. 2:26-CV-01103-TMC, 2026 WL 1135912, at *2 (W.D. Wash. Apr. 27, 2026) (holding the IJ's alternate flight risk finding was a legally valid basis for noncitizen's detention under § 1226(a)).

As to the alleged violation of petitioner's Fifth Amendment Due Process rights, courts analyze procedural due process claims in two steps: the first asks whether there exists a protected

liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)).

Petitioner has a protected liberty interest at stake. See Maldonado v. Andrews, No. 1:26-CV-1451-DJC-JDP, 2026 WL 1864622, at *3 (E.D. Cal. June 29, 2026) (finding a petitioner with LPR status detained in the interior of the United States whose removal order is not yet final has a protected liberty interest in remaining free from immigration custody and citing collected cases with similar findings); Burton v. Larose, No. 3:26-CV-2627-JES-BJW, 2026 WL 1256875, at *3 (S.D. Cal. May 7, 2026) ("Petitioner… has retained his LPR status and the constitutionally protected liberty interests that accompany it, when he was detained in February 2025.") Here, however, petitioner fails to show the government denied him adequate procedural protections where he has received the procedures due under 8 U.S.C. § 1226(a). The extent of due process protections required are determined by applying the test provided in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

As a noncitizen residing in the United States with LPR status, petitioner has a substantial private interest in maintaining his out-of-custody status. See Zadvydas, 533 U.S. at 690 (freedom from imprisonment is at the core of the Due Process Clause). However, the risk that he has been erroneously deprived of his private interest is lessened because he was arrested pursuant to a warrant and has been afforded a bond hearing under 8 U.S.C. § 1226(a) where an IJ made an individualized determination that he should be detained while removal proceedings are ongoing. As set forth above, petitioner also has a right to seek a new hearing based on materially changed circumstances.

Respondents, in turn, may have a legitimate interest in petitioner's detention based on the circumstances surrounding his 2025 criminal conviction for the offense of fleeing and attempting to elude a police officer. Respondents also have a strong interest in detaining noncitizens pending removal proceedings to "'increas[e] the chance that, if ordered removed, the [noncitizens] will be successfully removed.'" Rodriguez Diaz, 53 F.4th at 1208 (quoting Demore v. Kim, 538 U.S.

510, 515, 528 (2003)). While "the government's interest is diminished to some extent because the IJ terminated proceedings," the court acknowledges "detention remains related to the government's regulatory interests while the BIA reviews the termination order" or until expiration of the time for that appeal. See Expinoza-Gallo, 2026 WL 2295677 at 13-14; Sanchez Gomez, 2026 WL 2394070, at *4; 8 C.F.R. § 1003.39.

On balance, the Mathews factors do not favor finding petitioner is due additional process, and no pre-deprivation hearing was constitutionally required. See generally Sedrakyan v. Semaia, No. EDCV 26-3154-AS, 2026 WL 1894451, at *4 (C.D. Cal. June 30, 2026) (petitioner with LPR status was "not entitled to any further pre-deprivation process because his removal order and recent criminal history sufficed as grounds to detain him"); Jose Bermeo-Ayon v. Luis Rosa, Jr., et al., No. CV-26-03489-PHX-JJT (ASB), 2026 WL 2479513, at *3 (D. Ariz. July 9, 2026), report and recommendation adopted, 2026 WL 2475867 (D. Ariz. Aug. 24, 2026) (petitioner with LPR status failed to show due process required he be afforded a pre-detention hearing).

Finally, petitioner has not been subjected to unconstitutionally prolonged detention at less than four months of detention thus far. See Rodriguez Diaz, 53 F.4th at 1199 ("[a]s a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months"). Petitioner's detention is also not indefinite as he claims, as he is still in removal proceedings which have a definite end date, even if that end date is presently unknown. See, e.g., Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008) (explaining the lack of a certain end date for detention, alone, does not render detention indefinite in the sense the Supreme Court has found constitutionally problematic). For all these reasons, petitioner fails to show he is presently in custody in violation of the Constitution or federal law.

## IV. Recommendation

In accordance with the above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied.
2. Petitioner's emergency motion for immediate release (ECF No. 17) be denied.

////

////

3. Petitioner's motion for appointment of counsel (ECF No. 15) be denied as moot.

4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/26/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sanc4472.mer