UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A.S.,[1]<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMSENFORCEMENT, et al.,<br><br>Respondents. | No. 1:26-cv-04472-TLN-CKD<br><br>A# 241-863-918<br><br>**ORDER** |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 14 days. (ECF No. 18.) Petitioner filed objections to the findings and recommendations. (ECF No. 19.)

The court presumes that any findings of fact are correct. *Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the Court adopts in full the magistrate judge's findings of fact. (ECF No.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

18 at 1–3.)

However, Respondents have since informed the Court that the government did not appeal the order of the immigration court terminating Petitioner's removal proceedings, rendering the decision final, and, accordingly, Petitioner was released on September 3, 2026. (ECF No. 21.)

A case is moot when it no longer presents a case or controversy. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1063–64 (9th Cir. 2007). Where a petitioner seeks only release from detention without raising collateral consequences and he is subsequently released, the petition is likely moot because the court can no longer provide the requested relief. *See id.*

On the record, Petitioner has not raised, and this Court cannot identify, any collateral consequence that may be redressed by this Court in ruling on the merits of the Petition.

Thus, the Petition is moot.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 18) are adopted in part as set forth above.

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot. (ECF No. 1.)

3. Petitioner's emergency motion for immediate release (ECF No. 17) is DENIED as moot.

4. Petitioner's motion for appointment of counsel (ECF No. 15) is DENIED as moot.

5. The Clerk of Court shall close this case.

IT IS SO ORDERED.

DATE: September 24, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE